1  Robert Tauler (SBN 241964)
2  Tauler Smith LLP
   8605 Santa Monica Blvd #86963
3  Los Angeles, CA 90069-4109
   (310) 590-3927
4  rtauler@taulersmith.com

5  Attorneys for Plaintiff
6  Research Sports Nutrition, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESEARCH SPORTS NUTRITION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FITNESS LABS NUTRITION CORPORATION, a California Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. § 1114; Lanham Act 32);**<br><br>**(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act § 43(a));**<br><br>**(3) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(4) COMMON LAW UNFAIR COMPETITION;**<br><br>**(5) CALIFORNIA UNFAIR COMPETITION (California Business and Professions Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Research Sports Nutrition, LLC, dba Athletic Xtreme ("RSN" or "Plaintiff") by and through its undersigned attorneys, submits this Complaint against defendant Fitness Labs Nutrition Corporation ("Fitness Labs" or "Defendant"), and in support thereof, avers as follows:

**COMPLAINT**

## INTRODUCTION

1. This is an action for federal trademark infringement, and federal unfair competition, in violation of the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.*; common law trademark infringement; and state unfair competition in violation of the California Business & Professions Code § 17200, *et seq.*, against Fitness Labs, for its commercial use and exploitation of a mark identical to RSN's trademark, "German Creatine" (the "German Creatine Mark"). RSN's trademark is used in connection with the sale of its product named "German Creatine," a dietary and nutritional supplement containing the ingredient German creatine. RSN's trademark has been in continuous use since at least 2011.

2. Despite the foregoing, Fitness Labs has intentionally been using a product name that is *identical* to RSN's product name, "German Creatine" (the "Infringing Mark"). Fitness Labs' use of the Infringing Mark is improper and highly likely to cause consumer confusion about the source of these products. In this regard, the marks are used in connection with similar goods, as both products are dietary supplements containing the ingredient German creatine. In addition, both products are advertised and offered for sale using the same online marketing channels. Thus, a typical consumer of these products using ordinary caution would be confused. Moreover, it is clear that Fitness Labs' use of the name "German Creatine" is intended to (and actually does) confuse and misdirect customers seeking RSN's product of the same name. The foregoing misconduct by Fitness Labs is likely to cause considerable harm to RSN and its business.

3. RSN hereby seeks (1) injunctive relief against Fitness Labs' continued unauthorized and improper commercial use and exploitation of any trademark confusingly similar to RSN's trademark in connection with the sale of any dietary supplement; and (2) all damages arising from Fitness Labs' past and present infringement

**COMPLAINT**

and reimbursement of RSN's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## THE PARTIES

4. Plaintiff RSN LLC, dba Athletic Xtreme ("RSN" or "Plaintiff") is an Arizona limited liability company with its principal place of business at 14215 N. 8th Place, Phoenix, Arizona, 85022.

5. Defendant Fitness Labs Nutrition Corporation ("Fitness Labs" or "Defendant") is a California corporation with its business address listed as: PO Box 3896, Torrance, California, 90505-3896.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## JURISDICTION AND VENUE

7. This is an action seeking temporary, preliminary and permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based upon Defendant's trademark infringement, and unfair competition in connection with its use of the Infringing Mark in relation to its products, which unlawful acts have occurred, in significant part, in the state of California and in this district.

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

**COMPLAINT**

9. This Court has personal jurisdiction over Defendant because it has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its nutritional supplement products in the United States, the State of California, and this district, including but not limited to, products using the Infringing Mark. Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district. *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## Plaintiff RSN & "German Creatine"

11. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market.

12. In early 2011, RSN began to manufacture, distribute, and offer for sale a dietary supplement containing pure German manufactured creatine monohydrate, under the name "German Creatine."

13. On or about August 29, 2011, RSN filed a trademark application to register the German Creatine Mark in connection with any "dietary and nutritional supplements containing German creatine." A copy of RSN's German Creatine trademark registration is attached to this Complaint as Exhibit A.

14. On or about February 5, 2013, RSN's trademark in connection with "German Creatine" was registered (U.S. Trademark Registration No. 4286987), based on a first use in commerce date of August 22, 2011. (*Id.*)

15. In fact, RSN's trademark has been in continuous use since at least 2011. (*Id.*)

**COMPLAINT**

16. Pursuant to 15 U.S.C. § 1057(b), RSN's "German Creatine" trademark registration is *prima facie* evidence of the validity of RSN's claim to trademark rights in "German Creatine," and of the exclusive right of RSN to use the German Creatine Mark in commerce in connection with any "dietary and nutritional supplements containing German creatine."

17. Additionally, pursuant to 15 U.S.C. § 1057(c), the August 29, 2011 filing of RSN's trademark application, which matured into the German Creatine trademark registration, constituted constructive use of the German Creatine trademark on that filing date, conferring a right of priority, nationwide in effect, in connection with the goods and/or products specified in the registration (namely, any "dietary and nutritional supplements containing German creatine") against any other entity (with certain statutory exceptions, none of which applies to Defendant).

18. Accordingly, RSN is the owner of all rights in and to the German Creatine Mark for use on and in connection with any "dietary and nutritional supplements containing German creatine."

## DEFENDANT FITNESS LABS' WRONGFUL ACTS

19. At all times relevant to this Complaint, Fitness Labs is and has been aware of RSN's business and the products it sells under the German Creatine Mark.

20. Recently, RSN became aware that Fitness Labs is intentionally trading on its goodwill and reputation for high quality products in the nutritional supplement industry by using a name that is *identical* and, therefore, confusingly similar to the German Creatine Mark in connection with a similar product containing German creatine.

21. Fitness Labs is a competing nutritional supplement company in Torrance, California. Like RSN, Fitness Labs manufactures, distributes and offers for sale various supplements.

22. Fitness Labs' use of the Infringing Mark in connection with its dietary supplement containing German creatine was made with full awareness of RSN's prior

COMPLAINT

usage of the German Creatine Mark. Indeed, Fitness Labs was aware of the unauthorized nature of its use by at least as early as August 16, 2016, when RSN provided Fitness Labs with a cease and desist letter.

23. Fitness Labs' unauthorized use of the German Creatine Mark leads consumers to erroneously believe that Defendant's product is somehow affiliated with, or sponsored by, RSN as an authorized provider of RSN's high quality nutritional supplements.

24. Soon after RSN became aware of Defendant's unauthorized use of its trademark, counsel for RSN sent, by email and U.S. Mail (certified) on August 16, 2016, a cease and desist letter to Fitness Labs demanding, *inter alia*, that Defendant terminate its use of the Infringing Mark.

25. Fitness Labs' counsel responded by letter dated September 14, 2016. In response to RSN's cease and desist letter, Fitness Labs asserted certain purported "common law rights" in the "German Creatine" name and refused to cease and desist from continuing to use the German Creatine Mark without authorization in a willful manner.

26. Notably, *after* receiving RSN's cease and desist letter on August 16, 2016, Fitness Labs filed a trademark registration application in connection with the Infringing Mark on or about September 1, 2016. However, Fitness Labs' filing occurred *several years after* RSN's German Creatine Mark was registered on or about February 5, 2013 (U.S. Trademark Registration No. 4286987). Thus, RSN clearly has priority in connection with the goods and/or products specified in the registration, including any "dietary and nutritional supplements containing German creatine."

27. The unauthorized use of the German Creatine Mark on and in connection with Fitness Labs' products misleads consumers to erroneously believe that such products are manufactured, distributed, and/or sold by RSN, or an affiliate of RSN.

**COMPLAINT**

28. Defendant's use of the German Creatine Mark unfairly and unlawfully wrests from RSN control over the federally registered German Creatine trademark as well as the considerable goodwill and reputation RSN has cultivated in its trademark and products.

29. RSN has no control over Fitness Labs' business, and RSN's valuable reputation and the hard-earned goodwill built up in RSN's products and the German Creatine Mark for many years may be permanently damaged if Fitness Labs continues to associate its infringing "German Creatine" product under the guise of being manufactured, distributed, and/or sold by RSN or a RSN affiliate.

30. Unless such conduct is enjoined, Fitness Labs' acts will greatly injure the value of the German Creatine Mark and RSN's ability to commercially identify its product under the German Creatine Mark.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

## 15 U.S.C. § 1114 (Lanham Act § 32)

31. RSN repeats and incorporates by reference the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32. RSN is the owner of U.S. Federal Trademark Registration No. 4286987 and the German Creatine trademark that is the subject of that registration, in which the registration is valid, subsisting, and in full force and effect.

33. Fitness Labs' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's "German Creatine" product, and is likely to create the false impression that Defendant's product is manufactured, distributed and/or sold by RSN, or is authorized, sponsored, endorsed or licensed by, or affiliated with, RSN.

34. The public, including Defendant, has been on constructive notice of RSN's exclusive rights in the German Creatine Mark since at least 2011, several years before

Defendant filed a trademark registration application in connection with the Infringing Mark on or about September 1, 2016.

35. Fitness Labs' conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license or authority to use the German Creatine Mark or any other designation confusingly similar thereto.

36. Fitness Labs' conduct is intended to reap the benefit of the goodwill that RSN has created in its products, including those with the German Creatine Mark, and constitutes infringement of RSN's federally registered German Creatine Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Because Defendant is using the German Creatine Mark in connection with its business and products in an unauthorized manner, Defendant has caused and is causing substantial irreparable harm to RSN and will continue to damage RSN, and to deceive consumers, unless enjoined by this Court.

38. RSN has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION

## 15 U.S.C. § 1125(a) (Lanham Act § 43(a)

39. RSN repeats and incorporates by reference the allegations of Paragraphs 1 through 38 as if fully set forth herein.

40. The German Creatine Mark has become uniquely associated with RSN's products. Defendant's use of the Infringing Mark constitutes a false designation of origin, or a false representation.

41. Fitness Labs' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products offered in connection with the Infringing Mark, and is likely to create the false

**COMPLAINT**

impression that Defendant's products are provided by RSN or are authorized, sponsored, endorsed or licensed by, or affiliated with RSN.

42. RSN is informed and believes that Defendant, in adopting the Infringing Mark, has acted willfully and with full knowledge of RSN's rights in the German Creatine Mark, and has used this false designation of origin and description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Because Fitness Labs is using the Infringing Mark in connection with its business and products in an unauthorized manner, Defendant has caused and is causing substantial irreparable harm to RSN and will continue to damage RSN and to deceive consumers unless enjoined by this Court.

44. RSN has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

45. RSN repeats and incorporates by reference the allegations of Paragraphs 1 through 44 as if fully set forth herein.

46. Defendant's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products offered in connection with the Infringing Mark, and is likely to create the false impression that Defendant's products are authorized, sponsored, endorsed or licensed by, or affiliated with RSN.

47. Defendant had actual and constructive notice of RSN's exclusive rights in the German Creatine trademark since 2011, several years before Defendant filed a trademark registration application in connection with the Infringing Mark on or about September 1, 2016.

48. Defendant's conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license or authority to use the German Creatine Mark or any other designation confusingly similar thereto.

49. Defendant's conduct is intended to reap the benefit of the goodwill that RSN has created in the German Creatine Mark, and constitutes trademark infringement in violation of the common law of California and other states.

50. Because Defendant is using the German Creatine Mark in connection with its business and products in an unauthorized manner, Defendant has caused and is causing substantial irreparable harm to RSN and will continue to damage RSN, and to deceive consumers, unless enjoined by this Court.

51. RSN has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

52. RSN repeats and incorporates by reference the allegations of Paragraphs 1 through 51 as if fully set forth herein.

53. Defendant's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendant's products offered in connection with the Infringing Mark, and is likely to create the false impression that Defendant's products are provided by RSN or are authorized, sponsored, endorsed or licensed by, or affiliated with RSN.

54. Defendant's conduct constitutes unfair competition in violation of the common law of California and other states.

55. Defendant's conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license or authority to use the German Creatine Mark or any other designation confusingly similar thereto.

**COMPLAINT**

56. Because Defendant is using the German Creatine Mark in connection with its business and products in an unauthorized manner, Defendant has caused and is causing substantial irreparable harm to RSN and will continue to damage RSN, and to deceive consumers, unless enjoined by this Court.

57. RSN has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT V

## CALIFORNIA UNFAIR COMPETITION

## (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)

58. RSN repeats and incorporates by reference the allegations of Paragraphs 1 through 57 as if fully set forth herein.

59. Defendant's aforementioned conduct, as alleged in RSN's above claims for relief, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, *et seq*.

60. The German Creatine Mark is wholly associated with RSN due to its extensive marketing efforts, sales successes, and pervasive use thereof, and as such, the German Creatine Mark and products sold under the German Creatine Mark constitute valuable assets of Plaintiff. It is only fair and legitimate that RSN is able to continue its business without unfair, improper, unauthorized, and illegal interference by Defendant as alleged herein.

61. Defendant's intentional misuse of the Infringing Mark appears purposefully directed at undercutting RSN's legitimate business involving dietary and nutritional supplements and constitutes unfair competition in violation of California Business and Professions Code, § 17200 and 17203.

62. RSN alleges that the aforesaid acts of unfair competition undertaken by Defendant were intentionally and knowingly performed and directed toward perpetuating

a business competing unfairly with RSN and were done with a willful disregard for the rights of RSN.

63.  By reason of Defendant's acts of unfair competition, RSN has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.  Defendant's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to RSN in that Plaintiff will have no adequate remedy at law to compel Defendant to cease such acts, and no way to determine its losses proximately caused by such acts of Defendant.  RSN is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant.

64.  As a direct and proximate result of Defendant's acts of unfair competition, Defendant has wrongfully taken RSN's profits and the benefit of its research, development, and investment of time, energy and money.  Defendant should therefore disgorge all profits from the sale of its infringing products and further should be ordered to perform full restitution to RSN as a consequence of Defendant's infringing activities.

65.  In doing the acts hereinabove alleged, Defendant has acted fraudulently, oppressively, and maliciously, and will continue to do so unless enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, RSN respectfully requests the following relief:

A.  Preliminary and permanent injunctions prohibiting Defendant and its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the Infringing Mark, the German Creatine Mark, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, manufacturing, distributing, offering, selling or provision of any dietary

and/or nutritional supplements in the United States, and from otherwise infringing the German Creatine Mark;

  B. Preliminary and permanent injunctions requiring Defendant to remove all appearances of the Infringing Mark, and any confusingly similar variations thereof, from its products, website, advertisements, and all other marketing, sales and promotional materials;

  C. An order enjoining Defendant from committing any acts or making any statements calculated, or the reasonable foreseeable consequence of which would be, to infringe or dilute the German Creatine Mark;

  D. An order requiring Defendant to provide the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing or depicting the Infringing Mark, the German Creatine Mark, or any other word or words confusingly similar thereto;

  E. An order requiring Defendant to cancel or cause to be cancelled any pending trademark application related to the Infringing Mark, and to refrain from seeking any trademark registration inconsistent with the foregoing injunctive relief;

  F. An order requiring Defendant to file with this Court and to serve upon RSN within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  G. An accounting for all profits derived by Defendant and its subsidiaries and affiliates from their unlawful acts;

  H. An award of such monetary remedies in an amount sufficient to compensate RSN for losses it has sustained as a consequence of Defendant's unlawful acts, as well as the profits of Defendant's and their subsidiaries and affiliates attributable to the unlawful acts;

**COMPLAINT**

  I.  An award of treble damages or other enhanced monetary remedies to RSN;

  J.  An award of attorney's fees and costs to RSN; and

  K.  Such further relief as the Court may deem just and appropriate.

Dated: October 24, 2016    TAULER SMITH LLP

            By: /s/ Robert Tauler
              ROBERT TAULER
              Attorney for Plaintiff
              Research Sports Nutrition, LLC

**COMPLAINT**

**JURY DEMAND**

Plaintiff RSN hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  October 24, 2016            TAULER SMITH LLP


By: /s/ Robert Tauler
    ROBERT TAULER
    Attorney for Plaintiff
    Research Sports Nutrition, LLC

**COMPLAINT**